UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAY TODD GIBSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court has received a number of documents submitted by Defendant Jay Todd Gibson in support of a motion for a sentence reduction under the authority of 18 U.S.C. § 3582(c)(1)(A).[1] Gibson is currently serving a 145-month term of imprisonment for conspiracy to illegally distribute a large amount of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. [*See* Record No. 263.] The Bureau of Prisons estimates that he will be released September 18, 2024.[2] He requests an advancement of this date based on concerns about COVID-19, his desire to spend time at home with his daughter, and his positive rehabilitative

---

[1] Gibson submitted three form documents and several attachments. The first form is a six-page document entitled "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)." References to this document will be styled as [Motion, at p. \_]. The second and third documents are entitled "Medical Record and Additional Medical Information" and "Proposed Release Plan," respectively. Because Gibson has requested that these documents be filed under seal, they will be referenced only generally. Other supporting documents will be referred to as follows: [Exhaustion Documents, at p. \_] (5 pages); [BOP Documents, at p. \_] (2 pages); and [Certificates] (7 pages).

[2] *Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 26, 2021).

- 1 -

efforts while imprisoned. [Motion, at p. 5] The motion will be denied because Gibson has failed to demonstrate that he is entitled to a sentence reduction.

Initially, Gibson requests the assistance of counsel to pursue a motion for a sentence reduction. However, the Court has already reminded him that "there is no constitutional right to counsel in post-conviction proceedings." [Record No. 599, pp. 1-2 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (explaining that "the right to appointed counsel extends to the first appeal as of right, and no further") and *United States v. Bruner*, No. 5: 14-cr- 05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017))] And the Court previously noted that appointing counsel is discretionary, and it is only required where a defendant makes a showing that counsel is necessary. [*Id.* at p. 2] Here, Gibson has made no argument in support of his request for counsel. He merely checked a box on the form motion. [Motion, at p. 6] And counsel does not appear to be necessary to resolve the straightforward issues presented in Gibson's motion. Thus, his request for counsel will be denied.

A prisoner seeking a sentence reduction must generally establish three things: first, that he has properly exhausted his administrative remedies; second, that extraordinary and compelling reasons support a sentence reduction; and third, that the factors listed in 18 U.S.C. § 3553(a) support a reduction. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "This all flows from the statutory scheme." *United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021); *see* 18 U.S.C. § 3582(c)(1)(A).[3] If the Court finds that a defendant has failed to make any of the three required

---

[3] The statute further requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statements implementing Section 3582(c) are contained in United States Sentencing Guideline § 1B1.13. However, when a *prisoner* files a motion for compassionate release, the Sixth Circuit has

showings, the motion may be denied. *Elias*, 984 F.3d at 519. Here, Gibson has likely satisfied the exhaustion requirement, but the Court finds that he has not met the second or third requirements for a sentence reduction.

Gibson has properly exhausted his administrative remedies. A motion for a sentence reduction may be brought after the earlier of two dates: either at any time "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C.A. § 3582(c)(1)(A). Gibson has properly shown that he complied with the timing aspect of the exhaustion requirement. He provided a denial from Warden P. Adams dated July 16, 2020, as well as a denial of reconsideration from the same dated September 18, 2020. [Exhaustion Documents, at pp. 1, 5] The current motion is dated April 19, 2021, well over 30 days later. [Motion, at p. 6] And although it is not clear that Gibson raised the issues that he now raises before the warden,[4] the Court will assume that he has properly satisfied the exhaustion requirement. *See*

---

held that § 1B1.13 "is not an applicable policy statement . . ., and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. Thus, the tripartite framework outlined above governs Gibson's motion.

[4] The exhaustion requirement is intended to provide the BOP or the warden of a facility an opportunity to act on the prisoner's behalf. *See Alam*, 960 F.3d at 833. When a defendant files a motion alleging a different factual basis for a reduction than the one relied on in his prior request, he has not complied with the exhaustion requirement. To be sure, courts apply this requirement with differing levels of rigor. *Compare United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts."); *with United States v. Brown*, 457 F. Supp. 3d 691, 697 (S.D. Iowa 2020) (refusing to impose an "issue exhaustion" requirement where the COVID-19 pandemic was an intervening development between a prisoner's request and his motion filed in the district court). But taking the latter course would render the exhaustion requirement little more than a timing mechanism.

*Alam*, 960 F.3d at 834 (stating that the exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked by a party).

But Gibson has not demonstrated that extraordinary and compelling reasons support a sentence reduction. Because U.S.S.G. § 1B1.13 is no longer binding, lower courts have "discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). In doing so, a court may "permissively consider [the policy statements] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *Tomes*, 990 F.3d at 503 n.1. This Court has adopted a practice of utilizing the policy statements' framework for analyzing a prisoner's grounds for relief, while not constraining its analysis to the categories listed therein. *See United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020); *United States v. Slone*, No. CR 7:12-05-KKC, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (defendant did "not assert that he ha[d] a permanent impairment that ha[d] diminished his ability to provide self-care within the prison environment").

Here, Gibson contends that a number of factors combine to present circumstances that are "[e]xtraordinary and compelling in [their] totality." [Motion, at p. 5] He states that he is medically vulnerable to COVID-19 and, in light of emerging variants of the virus, his

---

Nevertheless, Gibson's original request is not before the Court. Thus, the Court merely flags the issue because it is unclear that Gibson presented his grounds for relief to the warden. There are reasons to doubt that he did: for one thing, the warden analyzed his entitlement to a reduction under the "Elderly-Medical Condition" framework. [*See* Exhaustion Documents, at p. 1.] His current motion raises additional, unrelated issues. Also, the current motion was submitted nine months after the warden's denial. Gibson's medical condition certainly could have changed over such a lengthy period. *United States v. Mogavero*, No. 2:15-CR-74-JAD, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (finding that issues were not exhausted where a defendant made a request based on his medical conditions fifteen months prior to filing a motion in the district court).

incarcerated status is particularly compelling. [*Id.*] Understandable concerns are also raised about the health of his daughter "in this time of uncertainty." [*Id.*] A section of the form motion also directed Gibson to "check all the boxes that apply so the Court can determine whether you are eligible for release under § 382(c)(1)(A)(i)." [Motion, at p. 4] Gibson selected the following: "I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition;" and "[t]here are other extraordinary and compelling reasons for my release." [*Id.*]

Gibson's medical condition does not constitute an extraordinary and compelling reason for a sentence reduction under any standard. Notably, he did not provide the Court with medical records confirming that he suffers from any serious medical condition, and the undersigned could deny the motion on this basis. *Elias*, 984 F.3d at 520. In fact, despite being prompted to attach documents in support of the motion, Gibson failed to list any medical conditions at all. He provided a list of medications, but the list alone reveals little about the severity of his medical condition. In his request for reconsideration of the warden's denial, he cited guidance from the Centers for Disease control indicating that "people of any age with certain underlying medical conditions are at higher risk of severe illness from COVID-19." [Exhaustion Documents, at p. 3 (quotation marks omitted)] Just as he does here, he failed to specify from which medical conditions he suffers. But even if he had, an underlying medical condition identified by the CDC as a risk factor does not *confirm* that an individual will suffer a more severe COVID-19 infection. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). And there is no support for Gibson's assertion that his ability to provide self-care within

the prison environment is substantially diminished. [*See* BOP Documents, at p. 1 (listing his medical condition as "healthy or simple chronic care").]

No additional reasons entitle Gibson to a sentence reduction, either singly or in combination. Gibson mentions his need to spend time with his family. While certainly compelling, he does not provide any reason why this circumstance is *extraordinary*. In fact, Gibson's form motion contained an option, consistent with the non-binding policy statements, to seek a reduction based on the fact that the caregiver of his minor child had died or become incapacitated. [*See* Motion, at p. 4]; U.S.S.G. § 1B1.13 cmt. n.1(C)(i). He chose not to raise this as a basis for a reduction, nor do his documents demonstrate that it would be a proper basis for a reduction. Moreover, the presence of COVID-19 in Gibson's facility is not a reason for a sentence reduction. Of the 1,886 inmates at Federal Correctional Institution Hazelton,[5] there are zero active cases of COVID-19 infection.[6] And over 1,100 of the inmates have been fully vaccinated against infection.[7] While Gibson fears that COVID-19 variants may increase future cases, his fears are unfounded[8] and purely speculative. Therefore, extraordinary and compelling reasons do not support reducing Gibson's sentence.

---

[5]     *See FCI Hazelton*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/haf/ (last visited April 28, 2021).

[6]     *See BOP COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited April 28, 2021).

[7]     *Id.*

[8]     *See COVID-19 Vaccines Work*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited April 28, 2021).

Next, even if Gibson had demonstrated an extraordinary and compelling reason, a sentence reduction would be unwarranted under the 18 U.S.C. § 3553(a) factors. Courts have a duty to "consider all relevant § 3553(a) factors before rendering a compassionate release decision." *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "Section 3553(a) blankets a vast terrain of sentencing factors, such as the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Id.* at 1114.

Gibson's offense was very serious. He pleaded guilty to taking part in a large drug conspiracy, and he admitted to personally selling thousands of oxycodone pills in furtherance of that conspiracy. [*See* Record No. 256.] He also admitted to threatening a confidential informant during a drug transaction. [*Id.*] Cutting his sentence short would unduly diminish the severity of this conduct.

Additionally, his characteristics continue to counsel in favor of his sentence. At sentencing, Gibson's significant criminal history resulted in a United States Sentencing Guidelines range of 120–150 months. He was sentenced near the top of that range based on his history and characteristics, among other considerations under § 3553(a). The Court rejected Gibson's argument that his conduct was driven by addiction rather than a desire to harm the public. [*See* Record No. 234, pp. 2-3.] Indeed, Gibson was willing to put others at risk by selling dangerous narcotics to further his own detrimental habits. Thus, the sentence continues to be necessary to protect the public from future,potential crimes.

In summary, Gibson has not demonstrated that he is entitled to a sentence reduction. He has shown that he has devoted a significant amount of time while incarcerated to pursuing an education and developing skills that will be valuable upon his release. [BOP Documents;

Certificates] But these positive developments do not undermine the bases for the sentence previously imposed. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Jay Todd Gibson's request for appointment of counsel is **DENIED**.

2. Defendant Jay Todd Gibson's request for a sentence reduction is **DENIED**.

3. The Clerk of the Court is **DIRECTED** to file the documents from Defendant Gibson in the record. The medical information and proposed release plan shall be filed under seal pursuant to Gibson's request.

Dated: April 28, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky