UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAY TODD GIBSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** **** ****

The Court has received a second motion for compassionate release submitted by Defendant Jay Todd Gibson pursuant to 18 U.S.C. § 3582(c)(1)(A).  Gibson is currently serving a 145-month term of imprisonment for conspiracy to illegally distribute a large amount of oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [*See* Record No. 263.]  The Bureau of Prisons estimates that he will be released September 18, 2024.[1]

A court engages in a three-step inquiry prior to granting a § 3582(c)(1)(A) motion: "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction,' ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and 'consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'"  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)).  But "district courts

---

[1]  *Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited October 8, 2021).

- 1 -

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.  District courts also have "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

Gibson previously filed a motion under § 3582(c)(1)(A) for a sentence reduction.  That motion was denied April 28, 2021.  [Record Nos. 632 and 633]  The Court found, as relevant here, that the defendant's stated reasons for a sentence reduction were not extraordinary and compelling as required by § 3582(c)(1)(A).  [Record No. 632, pp. 4-6.]  The Court noted that, while Gibson claimed that underlying medical conditions put him at greater risk of contracting a serious case of COVID-19, he failed to provide any list of specific medical conditions or documentation regarding the severity of such medical conditions.  [*Id.* at p. 5.]

The undersigned also concluded that the sentencing factors set forth in 18 U.S.C. § 3553(a) counseled against a sentence reduction because Gibson had sold thousands of oxycodone pills in furtherance of the conspiracy for which he was convicted and threatened a confidential informant during a drug transaction.  [*Id.* at p. 7.]  During the sentencing hearing, the Court rejected Gibson's argument "that his conduct was driven by addiction rather than a desire to harm the public."  [*Id.*]  Further, Gibson was sentenced near the toward the top of his Guidelines range because he "was willing to put others at risk by selling dangerous narcotics to further his own detrimental habit."  [*Id.*]  While the Court commended Gibson for educational and skill-development efforts during his term of incarceration, such "positive developments [did] not undermine the bases for the sentence previously imposed."  [*Id.* at p. 8.]

- 2 -

To a certain extent, Gibson's present motion functions as a response to the April 28, 2021 Memorandum Opinion and Order. He argues that the risks posed by the COVID-19 Delta variant present an extraordinary and compelling reason for a sentence reduction in light of his age (*i.e.*, 55) and medical conditions, including obesity, hypertension, asthma, onset diabetes, arthritis, and moderate to severe atherosclerotic disease. Gibson has produced medical and prescription records documenting health conditions, including, *inter alia*, morbid obesity, hypertension, asthma, and "moderate to severe atherosclerotic disease to the distal abdominal aorta and common iliac arteries" requiring vascular surgery.[2] He further asserts that he was involved in a "paltry capacity" in the drug conspiracy for which he was convicted and that his involvement was motivated by opioid dependence.

Gibson also argues that the Court illegally sentenced him for convictions under 21 U.S.C. § 841(a)(1) despite the fact that his charges for illegal distribution of oxycodone (Counts 11 through 13 of the Indictment) were dismissed pursuant to his plea agreement. And finally, he argues that his status as a nonviolent drug offender weighs in favor of a finding that extraordinary and compelling reasons for his release exist, and he cites an article reporting the Biden administration's recent request for commutation applications from certain drug offenders released to home confinement under the CARES Act. *See Biden starts clemency process for inmates released due to Covid conditions*, POLITICO,

---

[2] Gibson also indicates that the Bureau of Prisons has not provided all medical records that he has requested and asks that the Court subpoena the agency to produce such records. Because the defendant has produced sufficient records to document his health conditions, the production of further records is not necessary to resolve the motion.

- 3 -

https://www.politico.com/news/2021/09/13/biden-clemency-covid-inmates-511658       (last
accessed October 8, 2021).

The Court does not find the stated grounds for relief to constitute extraordinary and
compelling reasons as required by § 3582(c)(1)(A).  Courts are not constrained by the United
States Sentencing Commission's definitions of "extraordinary and compelling reasons," which
are outlined in the application notes to U.S.S.G. § 1B1.13.  *Jones*, 980 F.3d at 1109.  But a
court may "permissively consider" those definitions "as part of its discretionary inquiry into
whether a case presents extraordinary and compelling reasons for release."  *United States v.
Tomes*, 990 F.3d 500, 503 n. 1 (6th Cir. 2021).  Under § 1B1.13 n.1 (A)(i)-(ii),

> [a] prisoner's medical conditions may justify a reduction where he or she is
> suffering from a terminal illness, or "a serious physical or medical condition . .
> . that substantially diminishes the ability of the defendant to provide self-care
> within the environment of a correctional facility and from which he or she is not
> expected to recover."

*United States v. Gray*, No. 5: 19-094-DCR, 2021 WL 1893571, at *2 (E.D. Ky. May 11, 2021).

The non-binding policy statement is instructive in Gibson's case.  Gibson doubtless
suffers from various health conditions, some of which may put him at risk of contracting a
serious COVID-19 infection.   But his medical records evidence treatment by medical
professionals within the Bureau of Prisons.  Even when Gibson's age is added to the mix, these
factors do not indicate that he is unable to provide self-care while receiving professional
assistance during the ongoing pandemic.

Moreover, the United States Court of Appeals for the Sixth Circuit has noted that
district courts may consider whether "(a) whether 'the defendant is at high risk of having
complications from COVID-19' *and* (b) whether 'the prison where the defendant is held has a

severe COVID-19 outbreak,'" although they are not required to do so.  *United States v. Biggs*, --- F. App'x ----, 2021 WL 4240782, at *1 (6th Cir. Sept. 17, 2021) (unpublished memorandum opinion) (emphasis added) (quoting *Elias*, 984 F.3d at 520).  The defendant makes several unsubstantiated allegations regarding the ability of FCI Hazelton to handle the pandemic.

But even if Gibson had substantiated these claims, he has recently been transferred from FCI Hazelton to a new facility: USP Marion.[3]  And that facility currently has one active infection among inmates and no active infections among staff.[4]  Moreover, 1,015 USP Marion inmates (85% of the 1,194 of the inmates incarcerated at the prison) are fully vaccinated against COVID-19.[5]  There is no severe COVID-19 outbreak at USP Marion.  Further, there is no indication that USP Marion is unable to treat or control COVID-19 infections among inmates. The statistics suggest the opposite.

Importantly, the Sixth Circuit has recently held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."  *United States v. Lemons*, No. 21-5313, ---F.4th----, at *5-6 (6th Cir. Oct. 8, 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.)).  This rule is, of course,

---

[3]  *See Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited October 8, 2021).

[4]  *COVID-19 Coronavirus*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited October 8, 2021).

[5]  *See COVID-19 Coronavirus*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited October 8, 2021); *USP Marion*, BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/mar/ (last visited October 8, 2021).

qualified where a defendant can demonstrate that he is "unable to receive or benefit from a vaccine." *Id.* at *6 (quoting *Broadfield*, 5 F.4th at 803). Inmates at USP Marion clearly have access to COVID-19 vaccines, and Gibson has not demonstrated that he is unable to receive or benefit from a vaccine. Indeed, his motion does not mention his vaccination status.

Gibson's other arguments also fail to present extraordinary and compelling reasons for his release. In the April 28, 2021 Memorandum Opinion and Order, the Court addressed Gibson's role in the conspiracy as well as his motivations for committing the crime. He has not offered any reason to reconsider the prior analysis on these points.

Next, Gibson's contention that he was illegally sentenced is without merit. Gibson appears to be confused about the nature of his conspiracy conviction. The crime of conspiracy under § 846 involves conspiring to commit "any offense in this subchapter," which includes the drug offenses set forth in § 841(a)(1). Indeed, "an agreement to violate drug laws" is an essential element of a § 846 conspiracy. *E.g.*, *United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019) (quoting *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996)). The Indictment charged Gibson in Count 1 with conspiring "to distribute a quantity of pills containing Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846." [Record No. 1] The Judgment, as well as the April 28, 2021 Memorandum Opinion and Order denying Gibson's prior motion for a sentence reduction, likewise reference both § 846 and § 841(a)(1) in connection with the crime of conviction: conspiracy to distribute oxycodone. [*See* Record Nos. 263, p. 1 and 632, p. 1.] The Court did not sentence Gibson on the separate § 841(a)(1) charges alleged in Counts 11 through 13 of

- 6 -

the Indictment, and the Judgment reflects that these counts were dismissed on the motion of the United States.  [*See* Record No. 263, p. 1.]

The fact that Gibson is a "nonviolent offender" serving a sentence within his Guidelines range is not an extraordinary and compelling reason justifying relief.  *See United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *3 (E.D. Mich. Feb. 17, 2021).  Indeed, "[i]t should go without saying that a sentence within the Guidelines is not unusual" or "extraordinary" for a drug offense.  *Id.*  And although Gibson does not explain how the recent executive efforts he cites apply in the context of a § 3582 motion, he would not seem to be implicated by them because he has not been placed in home confinement by the Attorney General under the CARES Act.  Thus, the Court again concludes that Gibson has not established any extraordinary and compelling reason for compassionate release.

But even if he had, the § 3553(a) factors continue to counsel against compassionate release.  In conjunction with the points raised in connection with his extraordinary and compelling reasons arguments, Gibson contends that "a reduction of his sentence would not diminish [the] seriousness of the offense, having served 113 of 145 months, nor would it present a risk to the public."  The Court disagrees for the reasons set forth in the April 28, 2021 Memorandum Opinion and Order.  [Record No. 632]

Specifically, Gibson admitted to selling thousands of oxycodone pills and threatening a confidential informant.  [*Id.* at p. 7.]  The offense was serious, and the sentence imposed appropriately reflects the need to promote respect for the law, provide just punishment, and adequately deter criminal conduct.  *See* 18 U.S.C. § 3553(a)(2)(A)-(B).  And as noted in the April 28, 2021 Memorandum Opinion and Order, the defendant's history and characteristics

support the sentence imposed previously.  Gibson has prior convictions for crimes charged in twenty-two cases.  [PSR, ¶¶ 63-84]  Some of these convictions are quite serious and demonstrate history and characteristics that merit the sentence imposed while also reflecting a substantial need to protect the public, *see* § 3553(a)(1), (2)(C), including convictions for: second degree robbery, fourth degree aggravated assault, and multiple prior drug trafficking incidents.  [*See id.* at ¶¶ 63, 70, 73-74, and 78.]  This is so even if the Court accounts for his current medical conditions.  And while the Court again commends the defendant on his achievements while incarcerated, the § 3553(a) factors, on balance, continue to indicate that his sentence is sufficient, but not greater than necessary, to comply with the purposes of the statute.

Finally, Gibson recognizes that the Court has reminded him on two occasions that he is not entitled to appointment of counsel in this post-conviction proceeding.  [*See* Record Nos. 599 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Bruner*, No. 5: 14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)) and 632, p. 2 (same).] Nonetheless, he requests appointment of counsel.  Because the issues raised in his latest motion are straightforward, the Court will deny this request.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Jay Todd Gibson's motion for compassionate release is **DENIED**.

2.    The Clerk of the Court is directed to file the defendant's motion and supporting documentation in the record.

- 8 -

Dated: October 12, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky